Filed 8/28/15  Martin v. Cristodore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DONALD MARTIN et al., | C075809 |
| Plaintiffs and Appellants, | (Super. Ct. No. 06AS00279) |
| v. | |
| THEODORE CRISTODORE et al., | |
| Defendants and Respondents. | |

Protracted litigation surrounds a fence on the boundary between land owned by plaintiffs Donald and Jacqueline Martin and land owned by defendants Theodore and Maria Cristodore.  After several skirmishes, the trial court issued an order granting a preliminary injunction in the Cristodores' favor.  The Martins appeal, challenging the trial court's reasoning and the court's imposition of sanctions against them and their counsel.  We shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Martins were deeded a 20-foot easement for an access road under their grant deed to the property in 2003.  The Martins' northern neighbors, the Cristodores, contested

the boundaries of the access road easement in 2006. In 2009 the parties entered into a stipulated judgment that states, in part: "1. Plaintiffs, Donald Martin and Jacqueline Martin shall be confirmed the quiet title to the 20 - foot easement as described in their Grant Deed.

"2. Defendants, Theodore Cristodore and Maria Cristodore's fence along the easement shall not be moved to accommodate that easement." The stipulated judgment also required that the Cristodores straighten the fence on the northern side of the easement and "attach the fence to the fence posts / poles."

In 2011 the Martins and the owners of a neighboring parcel, the Santanas, entered into a "stipulation" stating the Cristodores were in violation of the stipulated judgment. On March 28, 2011, the trial court entered the stipulation as an order. In May 2011 the trial court vacated the stipulation, finding the Cristodores never received notice of the March 28, 2011, stipulation. The court also noted: "Based on the record presently before the Court, it appears that Plaintiffs' renewal of this action is simply an attempt to enforce the 2009 stipulated judgment. However, Plaintiffs' amendment of their complaint and stipulation with the Santanas is not a proper means of obtaining such enforcement. If Plaintiffs believed that Defendants had failed to comply with the stipulated judgment, they should have proceeded with a motion to compel Defendants' compliance pursuant to the Court's contempt power." The court's vacating of the stipulated order obviated the need for a preliminary injunction, and the 2009 stipulated judgment remained in effect.

In March 2013 the Martins filed a "Motion Re: Breach of 2009 Stipulated Judgment," seeking an order directing the Cristodores to remove a recently installed fence. The court denied the motion. The trial court found the stipulated judgment did not require the Cristodores to move their fence to accommodate the easement and that the rebuilt fence "tracks the same old fence line. There was no movement of the defendants' fence." The trial court based its finding on photographic evidence and the declarations of Theodore Cristodore and the fence's installer, Rick Larkins.

2

The Martins filed an identical motion in June 2013. The court found the new motion to be an improper motion for reconsideration and denied it. The trial court later imposed sanctions against the Martins' counsel, Roxanne M. Mosley, under Code of Civil Procedure section 1008, subdivision (d).[1]

In September 2013 the Martins, represented by new counsel James Joseph Lynch, Jr., filed a motion seeking the same relief. Again, the court considered the motion an improper motion for reconsideration. The court denied the motion and awarded sanctions against Lynch and the Martins, jointly and severally, in the amount of $4,041.50 under section 128.7. The court found the Martins' opposition to the sanctions "confusing at best" and stated "they appear to do nothing more than once again reargue the merits of the case."

Subsequently, the Martins arrived at the Cristodores' property with a work crew to dismantle the fence in question. The Martins contend they acted in response to a Sacramento Metropolitan Fire District (fire district) correction notice. The Cristodores filed a motion seeking to prevent the Martins from removing the fence. The trial court granted a temporary restraining order, stating the Martins were "not to move, destroy, or alter any portion of the fence." During the course of the hearing, the parties agreed to meet with the fire district to address any concerns the entity might have. The Martins and the Cristodores present radically different interpretations of the meeting.

In March 2014 the trial court issued an order granting the preliminary injunction. The court determined the Cristodores' fence "shall not be moved and the Court has already found that the new fence installed by Defendants was in the same location as the previous wire fence"; the Martins' own April 2013 survey confirms the Cristodores did not move the fence; the fire district deferred to the court on all issues related to the

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

3

2009 stipulated judgment and the placement of the fences; and the fire district would not issue any additional notices pending review by the trial court. The Martins filed a notice of appeal from the preliminary injunction order and the prior award of sanctions.

## DISCUSSION

## STANDARD OF REVIEW

We review an order granting a preliminary injunction under the abuse of discretion standard. We consider two interrelated factors the trial court evaluates in deciding whether to issue a preliminary injunction: (1) the likelihood the plaintiff will prevail on the merits at trial, and (2) the interim harm the plaintiff is likely to sustain if the injunction is denied compared to the harm the defendant is likely to suffer if the injunction is issued. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109.) A trial court abuses its discretion only when it has exceeded the bounds of reason or contravened the uncontradicted evidence. The burden rests on the party challenging the injunction to establish such an abuse of discretion. (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69.) We also review the trial court's award of sanctions under section 128.7 for an abuse of discretion. (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441.)

## POSITION OF FENCE

At its essence, the Martins' appeal centers on the trial court's determination that the present position of the fence, installed by the Cristodores in 2013, is the same as the fence the court found correctly positioned in the 2009 stipulation. According to the Martins, the trial court excluded a survey by Varney Land Surveys that established the fence was three feet south of the original fence and relied instead on a survey by Charles Czapaky that, they argue, details fence lines, not property lines.

However, during the January 2014 meeting with the fire district, the Martins provided a map survey dated April 2013 and performed by Richard Varney. The survey highlights with red hash marks the old removed wire fence and designates the new wood

4

fence with black hash marks. A review of the map reveals the red hash marks and black hash marks overlap, signifying the old fence and the new fence are situated in the same place. The trial court cited the map in granting the preliminary injunction in 2014: "Plaintiffs' own survey prepared in April 2013, confirms that Defendants have not moved their fence."

The Martins' insistence that the April 2013 map confirms their assertion that the fence has been moved is belied by the map itself.[2] Likewise, their claim that the trial court excluded the "Varney Land Survey" is also belied by the court's statements.

In addition, the trial court in its order denying the Martins' motion for breach of stipulated judgment in June 2013 found the Cristodores' new fence tracked the old fence line. The court noted: "Further, the Declaration of Rick Larkins makes clear that the defendants' fence (which he rebuilt, in part) tracks the same old fence line."

Larkins's declaration states: "4. When I arrived I noticed that approximately 32 feet of the fence had been installed, and I was given the task of installing the remaining approximately 290 feet of fencing.

"5. In completing the remaining 290 feet of fencing I stayed on the exact straight line of the first 32 feet. As I dug holes I consistently ran into old 4X4 posts that had been broken at ground level but their bases remained underground. These old 4X4 posts were in the exact location where I installed the new fencing, and were in no way three feet from the new fencing, as claimed by the plaintiffs. I also noticed old wire fencing in front of the oak trees on the road side of the trees in the exact same location as where I installed the new fence." The trial court, in granting the preliminary injunction in

---

**2** Richard Varney's letter dated April 24, 2013, describes performing the survey. Varney states: "Mr. Cristodore has encroached into Mr. Martins Property be [*sic*] Approximately 3.0 feet. [¶] On the enclosed Map of Survey the original wire fence is shown in Red ink and the existing wooden fence is show [*sic*] in Black ink."

March 2014, relied on Larkins's declaration and stated: "In its June 2013 Order, this Court found that when Defendants put in a new fence, it tracked the old fence's location and thus they had not moved the fence and did not violate the 2009 Stipulated Judgment." The Martins insist Larkins's declaration "is refuted by the 2013 Varney Land Surveys survey." Again, we disagree with the Martins' contention that the 2013 survey reveals the fence has moved.

The Martins also object to the trial court's reliance on the Czapaky survey from 2008 in concluding any narrowing of the road resulted from actions by the Martins. In the preliminary injunction order the court found: "Further, as shown by Defendants, prior to 2008, there was at least 20 feet of access road width, yet Plaintiffs moved the south side fence into the access road narrowing the road by approximately two feet." In support, the court cited the Czapaky survey.

The Czapaky survey found, as of 2008, there was a 20-foot road with a newly constructed wood fence installed by the Martins, located two feet within the 20-foot road. This new fence was located on the southern side of the road; the Cristodores' old wire fence was located on the northern side of the road. The new wooden fence intruded two feet into the 20-foot roadway and was constructed by the Martins, not the Cristodores. The court did not err in either its conclusion or its reliance on the Czapaky survey.

### WITHDRAWL OF FIRE DISTRICT NOTICE

The Martins contend the outcome of the meeting between the parties and the fire district is in dispute and "there is nothing in the appellate record to indicate that [the fire district] has waived its ability to enforce the 20-foot access lane requirement against the Martins." According to the Martins, under the trial court's order they are "continually subject to criminal sanctions for the easement's insufficient width."

Following the meeting with the fire district, Theodore Cristodore and his counsel, Timothy Kassouni, submitted declarations about the outcome of the meeting. Kassouni's declaration claims that at the meeting, the fire district stated the correction notice of

6

January 15, 2014, had been withdrawn. The trial court found the correction notice had "been withdrawn and there is no indication that further notices will be issued." The court also determined the fire district would defer to the court on all issues related to the 2009 stipulated judgment and would not be issuing any additional notices pending review by the trial court. The Martins provide no evidence to refute the trial court's findings vis-à-vis the fire district's correction notice, and we find no abuse of discretion.[3]

## SANCTIONS

Finally, the Martins challenge the trial court's award of sanctions to the Cristodores imposed against them. They argue the sanctions were imposed under section 128.7, subdivision (b)(2), and under section 128.7, subdivision (d)(1) sanctions may not be awarded against a represented party.

After the Martins filed their second motion that the trial court found an improper motion for reconsideration, the trial court awarded the Cristodores sanctions in the amount of $4,041.50 against both the Martins and their counsel, Lynch. The second motion was untimely filed and lacked a showing of new circumstances, facts, or law that could not have been advanced at the time of the initial motion. The court imposed the sanctions under section 128.7.

The Martins seize upon the court's reference to their failure to cite new facts or circumstances as referring to section 128.7, subdivision (b)(2). Here, however, the court

---

[3] In a related claim, the Martins argue the trial court abused its discretion in weighing the harm in issuing the injunction. In issuing the injunction, the trial court stated it weighed " 'the relative balance of harms that is likely to result from the granting or denial' " of the Cristodores' request for injunctive relief. The Martins claim the court abused its discretion, since they face the harm of having to comply with the requirements of the fire district, and the Cristodores simply have to relocate their fence. As we have found, substantial evidence supports the trial court's finding that the fire district has withdrawn the correction notice and the fence is located on the original fence's site. The trial court did not err in weighing the relative harm to the parties.

7

imposed sanctions for the filing of an untimely second, duplicative motion for reconsideration, sanctions appropriate under section 128.7, subdivision (b)(1). Again, we find no abuse of discretion.

## DISPOSITION

The judgment is affirmed. The Cristodores shall recover costs on appeal.

                               _____RAYE_____ , P. J.

We concur:

_____DUARTE_____ , J.

_____HOCH_____ , J.